RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
CHRISTOPHER P. FREY
Assistant Federal Public Defender
Nevada State Bar No. 10589
201 W. Liberty Street, Ste. 102
Reno, Nevada 89501
(775) 321-8451/Phone
Chris_Frey@fd.org

Attorney for Refugio Palomar-Santiago

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REFUGIO PALOMAR-SANTIAGO,<br><br>　　　　　Defendant. | Case No. 3:18-CR-00116-LRC-WGC<br><br>**MOTION TO DISMISS**[1] |

Defendant, REFUGIO PALOMAR-SANTIAGO, by and through his counsel, Christopher P. Frey, Assistant Federal Public Defender, hereby moves this Court to dismiss the indictment against him. This motion is based on the points and authorities herein.

I. **FACTS**

Mr. Palomar-Santiago is charged by indictment with one count—illegal re-entry under 8 U.S.C. § 1326(a). ECF No. 1. This sole count is based on his removal on June 11, 1998 pursuant to an order of an immigration judge. *Id*. Exhibit A (Removal Order).

The removal order contained a determination that Mr. Palomar-Santiago was "subject to removal on the charge[s] in the Notice to Appear." *Id*. Despite its caption, the Notice to

---

[1] Certification: this motion is timely filed.

Appear served on Mr. Palomar-Santiago did not identify a specific place, date, or time for his removal hearing. Nevertheless, the Notice to Appear charged Mr. Palomar-Santiago with being deportable as a result of a conviction in California for driving under the influence causing injury, a violation of § 23513 of the California Vehicle Code. Exhibit B (Notice to Appear). According to the Notice to Appear, Mr. Palomar-Santiago's conviction under § 23513 constituted a conviction for an "aggravated felony." *Id*. At the time he was removed based on this charge, Mr. Palomar-Santiago was a legal permanent resident. *Id*.; Exhibit C.

## II.   SUMMARY OF ARGUMENT

Mr. Palomar-Santiago's 1998 removal was invalid for two independent reasons. Either is sufficient to warrant dismissal in this case.

First, Mr. Palomar-Santiago's conviction under § 23513 does not constitute an aggravated felony under *United States v. Trinidad-Aquino*, 259 F.3d 1140 (9th Cir. 2001), in which the Ninth Circuit held to the contrary on just this statute, and *Leocal v. Ashcroft*, 543 U.S. 1 (2004), in which the United States Supreme Court held that a conviction under a similar Florida law did not constitute an aggravate felony for immigration purposes.

Second, the Notice to Appear served on Mr. Palomar-Santiago before his 1998 removal was legally defective. Exhibit B. In accord with *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because the Notice to Appear failed to designate a specific place, date, and time for Mr. Palomar-Santiago's removal hearing, the immigration judge lacked jurisdiction to order his removal. Without jurisdiction, the removal order is invalid.

All requirements of a collateral challenge under 8 U.S.C. § 1326(d) are satisfied and the government cannot meet its burden to show Mr. Palomar-Santiago unlawfully re-entered the United States after a valid deportation as charged in the indictment. Accordingly, the indictment against Mr. Palomar-Santiago must be dismissed.

### III. MR. PALOMAR-SANTIAGO'S COLLATERAL ATTACK HINGES ON WHETHER HIS 1998 REMOVAL WAS FUNDAMENTALLY UNFAIR

To obtain a conviction under 8 U.S.C. § 1326, "the government must prove [at trial] that the alien left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Cisneros-Palomar-Santiago*, 813 F.3d 748, 755 (9th Cir. 2015) (quotation marks and citation omitted). As the Ninth Circuit has long stressed, "the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation" in a § 1326 prosecution. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). Accordingly, a defendant "charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *Id.*

Title 8, Section 1326(d) sets forth the standard by which this Court reviews challenges to the underlying removal. Under that statute, a defendant is entitled to relief by showing: (1) that he exhausted all administrative remedies available to him to appeal his removal order; (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) that the entry of the order was fundamentally unfair. *See Ubaldo-Figueroa*, 364 F.3d at 1048 (citing 8 U.S.C. § 1326(d)). These standards are interpreted broadly and are guided by due process concerns. *See United States v. Vidal-Mendoza*, 705 F.3d 1012, 1015 (9th Cir. 2013).

Addressing the final prong, the entry of a removal order is fundamentally unfair if the deportation proceedings violated the defendant's due process rights and that violation prejudiced the defendant. *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1204 (9th Cir. 2004). When an individual is removed from the United States based on an erroneous determination that he has committed a removable offense, his due process rights are violated. *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015) ("Where a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was

3

previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result.").

If the individual was a legal permanent resident at the time of removal, prejudice is automatically established. *See United States v Aguilera-Rio*s, 769 F.3d 626, 633 (9th Cir 2014) ("Failing to obtain such discretionary relief is quite different than the situation here, where Aguilera would have had the *right* to be in the United States, as a lawful permanent resident, but for the Immigration Judge's determination that he was removable—a determination we now know to be legally erroneous after *Moncrieffe,* as we explain below."); *see also United States v. Luque-Palomar-Santiago*, No. 15-cr-808, 2015 WL 5476329, at *3 (S.D. Cal. Sept. 17, 2015) ("The key to the presumed prejudice holding lies in the alien's right to otherwise remain in the United States due to their lawful permanent resident status.").

Addressing the first two prongs, the requirements for a showing of administrative exhaustion and deprivation of the opportunity for judicial review are satisfied if the defendant was affirmatively misled about available relief from removal. *See United States v. Arias-Ordonez*, 597 F.3d 972, 977-978 (9th Cir. 2010). Where an alien is eligible for relief from deportation, the immigration judge "must advise the alien of this possibility and give him the opportunity to develop the issue." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) (citing *United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1998)). This requirement is mandatory. *Arrieta*, 24 F.3d at 1079.

The failure to inform an alien of apparent eligibility for relief excuses the alien from showing he exhausted his administrative remedies and from seeking judicial review under 8 U.S.C. § 1326(d), as an alien unaware of his options has had no meaningful opportunity to appeal the removal. *Id.*; *see also Ortiz-Lopez*, 385 F.3d at 1204 n.2; *United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017) ("But under our circuit's law, if Defendant was not convicted of an offense that made him removable under the INA to begin with, he is excused from proving the first two requirements.").

Accordingly, consistent with these general principles, the Ninth Circuit has:

> long held there is a violation of due process when the government affirmatively misleads an alien as to the relief available to him. . . and that § 1326(d)'s requirements of exhaustion and deprivation of judicial review are satisfied when the government misinforms an alien that he is ineligible for relief.

*United States v. Arias-Ordonez*, 597 F.3d 972, 977 (9th Cir. 2010). This rule applies here.

The immigration judge affirmatively misled Mr. Palomar-Santiago. While no information about the hearing is provided in the A-file, it appears the immigration judge determined that Mr. Palomar-Santiago had committed an aggravated felony by virtue of his 1991 conviction under § 23513 of the California Vehicle Code. *See* Exhibits A, B. As shown below, this conclusion was both legally erroneous and misleading. The false and misleading findings prevented Mr. Palomar-Santiago from seeking meaningful review of his removal proceedings, and thus exempts him from the administrative and judicial review exhaustion requirements of 8 U.S.C. § 1326(d). *See Banda*, 2012 WL 3779027, at *5 (excusing the administrative and judicial review exhaustion requirements because "the record of conviction here is insufficient to establish that Defendant was convicted of an aggravated felony [thus] [a]ny potential explanation Defendant received was . . . in all likelihood wrong").

### IV. MR. PALOMAR-SANTIAGO'S PRIOR CONVICTION UNDER § 23513 WAS NOT A CONVICTION FOR AN AGGRAVATED FELONY AND THUS NOT A PREDICATE OFFENSE FOR REMOVAL

Whether an offense is an aggravated felony for removal purposes is a question of law. *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1006 (9th Cir. 2015); *United States v. Brown*, 879 F.3d 1043, 1046-47 (9th Cir. 2018). To determine whether a conviction is a predicate offense for removal, courts employ the categorical approach described in *Taylor v. United States*, 495 U.S. 575 (1990). *See, e.g.*, *Brown*, 879 F.3d at 1047; *Alvarado v. Holder*, 759 F.3d 1121, 1126 (9th Cir. 2014); *United States v. Castillo-Rivera*, 244 F.3d 1020, 1022 (9th Cir. 2001).

5

A conviction under § 23513 of the California Vehicle Code is not an aggravated felony. *See United States v. Trinidad-Aquino*, 259 F.3d 1140 (9th Cir. 2001); *see also Leocal v. Ashcroft*, 543 U.S. 1 (2004). In *Trinidad-Aquino*, the Ninth Circuit squarely held that a conviction under § 23513 was not an aggravated felony. 259 F.3d at 1146 ("Because California Vehicle Code section 23153 can be violated through negligence alone, a violation of that statute is not a 'crime of violence' as that term is defined at 18 U.S.C. § 16. Therefore, [Petitioner] was not previously convicted of an 'aggravated felony' as defined at 8 U.S.C. § 1101(a)(43)."). In *Leocal*, the United States Supreme Court approved the rationale of *Trinidad-Aquino* in holding that a similarly worded Florida DUI-with injury statute was likewise not an aggravated felony for immigration purposes. 543 U.S. at 5, 9.

In light of *Trinidad-Aquino* and *Leocal*, there should be no dispute that Mr. Palomar-Santiago's conviction under § 23513 does not qualify as an aggravated felony. Because it does not qualify as an aggravated felony, there was no basis to strip Mr. Palomar-Santiago of his legal permanent resident status and remove him from the country. Rather, immigration proceedings against Mr. Palomar-Santiago never should have commenced, or, once commenced, should have terminated. To the extent Mr. Santiago-Palomar needed any additional relief beyond what his legal permanent resident status already entitled him, he would have been deemed eligible for relief under INA § 212(c), 8 U.S.C. § 1182(c) (1993). *See I.N.S. v. St. Cyr*, 533 U.S. 289, 295 (2001).

### V. THE NOTICE TO APPEAR DID NOT COMPLY WITH *PEREIRA V. SESSIONS* AND THUS THE IMMIGRATION JUDGE HAD NO JURISDICTION OVER THE PROCEEDINGS

Jurisdiction over a removal proceeding requires the filing of an adequate Notice to Appear. *See* 8 C.F.R. § 1003.14(a) ("Jurisdiction vests, and proceedings before an Immigration Judge commence," only upon the filing of a notice to appear with the immigration court); *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 890 (9th Cir. 2018) ("Once a notice to appear is

filed with the Immigration Court, however, jurisdiction over the individual's immigration case vests with the Immigration Judge.").

In Mr. Palomar-Santiago's 1998 removal proceedings, the Notice to Appear did not confer jurisdiction on the immigration judge because it did not designate the specific place, date, and time when the removal hearing would occur. Exhibit B. Rather, it merely stated that the removal hearing would occur at a place "TO BE CALENDARED BY EOIR" on a date "TO BE SET" at a time "TO BE SET." *Id.*

The United States Supreme Court in *Pereira v. Sessions* held just this year that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a notice to appear under section 1229(a). 138 S. Ct. 2105, 2113–14 (2018). This is because "[f]ailing to specify integral information like the time and place of removal proceedings unquestionably . . . deprive[s the notice to appear] of its essential character." *Id.* at 2116-17.

The putative notice to appear filed in this case was inadequate to vest jurisdiction in the immigration judge. This means that the order of removal was *ultra vires* and Mr. Palomar-Santiago's physical removal from the United States was unlawful. Because there is no valid removal order, the instant indictment must be dismissed. *See United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164, 1166 (E.D. Wash. 2018) (granting a motion to dismiss under 8 U.S.C. § 1326(d) in light of *Pereira* because "[a]dministrative proceeding held where the immigration court lacked jurisdiction are void" and "[i]mmigration judges examining this issue have reached the same conclusion as this Court that lack of a valid charging document as required by § 1229(a) means that the Immigration Judge lacks jurisdiction").

Courts across the country are beginning to grapple with the application of *Pereira* in § 1326 litigation. As of the writing of this motion, at least three district courts have dismissed 1326 indictments on the basis of *Pereira* violations: *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164, 1166 (E.D. Wash. 2018); *United States v. Zapata-Cortinas*, No. SA-18-CR-

7

00343-OLG, 2018 WL 4770868, at *5 (W.D. Tex. Oct. 2, 2018); *United States v. Pedroza-Rocha*, No. EP-18-CR-1286-DB (W.D. Tex. Sep. 21, 2018) (docket no. 53).

In *United States v. Pedroza-Rocha*, the Eastern District of Texas considered an identical issue to the one in this case: whether a deportation is valid for the purposes of an illegal re-entry prosecution where the Notice to Appear failed to designate a place and time of a removal proceeding but a subsequent notice of hearing did. It concluded that under *Pereira*, the Notice to Appear was deficient as a matter of law, and thus the underlying deportation was invalid and the resulting § 1326 prosecution must be dismissed with prejudice.

According to *Pereira*, a document is not a valid notice to appear under § 1229(a) if it does not inform a noncitizen when and where to appear for removal proceedings. *Id.* at 2110. Unless a notice to appear is valid, jurisdiction never vests in the immigration court. *See* 8 C.F.R. § 1003.14(a)(2018); *DeLeon-Holguin v. Ashcroft*, 253 F.3d 811, 815 (5th Cir. 2001) ("[R]emoval proceedings commence when the INS files the appropriate charging document with the immigration court."). If jurisdiction never vests with an immigration court, then any subsequent removal order is *ultra vires*, as it exceeds the court's Congressionally-delegated power. *See id.*; *see also Arbaugh v. Y&J-I Corporation*, 546 U.S. 500, 511 (2006)). If a removal order is invalid as a matter of law, an indictment alleging a violation of § 1326 based upon that removal order must be dismissed. *See* 8 C.F.R. § 1003.13 (2013).

The Supreme Court rejected the argument that the Notice to Appear met the statutory requirements because the immigration court complied with immigration regulations by providing a later Notice of Hearing with the date and time specified. *See Pereira*, 138 S. Ct. at 2113; Br. for Resp't, *Pereira v. Sessions*, No. 17-459, 2018 WL 1557067, at 30, 49 (Mar. 23, 2018); Govt's Resp., ECF No. 42, at 5-6. When Congress defined a Notice to Appear in 1996, the Department of Justice then tried to circumvent this specific statutory requirement by promulgating a regulation stating that the hearing time need only be included "where

practicable." 8 C.F.R. § 1003.18(b). If not included in the notice, the immigration court per the regulation could later notify the noncitizen of the hearing time. § 1003.18(b).

The Supreme Court was not persuaded that this two-step process was sufficient, even though the Department of Homeland Security, relying on the regulation's "where practicable" language, "almost always serves noncitizens with notices that fail to specify the time, place, or date of initial removal hearings[.]" *United States v. Pedroza-Rocha*, 18-CR-1286, Doc. 53 at 5-6 (E.D. Tex, September 21, 2018).

Mr. Palomar-Santiago has satisfied the three-part test to bring a due process challenge to the removal order. First, the proceeding resulting in his removal was fundamentally unfair because the immigration judge lacked jurisdiction to remove him without a valid Notice to Appear. Second, Mr. Palomar-Santiago falls within an exception to the second requirement of exhausting all administrative remedies and seeking judicial review because the immigration proceeding itself was void for lack of jurisdiction. *See Wilson v. Carr*, 41 F.2d 704, 706 (9th Cir. 1930) ("[I]f the order is void on its face for want of jurisdiction, it is the duty of this and every other court to disregard it."); *Virgen-Ponce*, 2018 U.S. Dist. LEXIS 125687, at *2. Finally, as a legal permanent resident who was unlawfully stripped of that status and deported, Mr. Palomar-Santiago suffered prejudice. *See United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006); *see also United States v. Aguilera-Rios*, 769 F.3d 626, 630 (9th Cir. 2014) ("If Aguilera 'was removed when he should not have been,' his 2005 removal was fundamentally unfair, and he may not be convicted of reentry after deportation.") (quoting *Camacho-Lopez*); *United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017) (same); *United States v. Valdivia-Flores*, 876 F.3d 1201, 1210 (9th Cir. 2017) (holding that when the charging document in administrative removal proceedings "cannot support the asserted basis" for the noncitizen's removal, he has suffered a prejudicial due process violation).

## VI. CONCLUSION

Mr. Palomar-Santiago's removal is defective on two independent bases. First, Mr. Palomar-Santiago's conviction under § 23513 of the California Vehicle Code is not an aggravated felony and thus not a predicate offense supporting his 1998 removal. Because there was no valid charge of removability from which relief was unavailable, the proceedings should have been terminated and Mr. Palomar-Santiago should have retained his legal permanent resident status. Second, the Notice to Appear was legally defective under *Pereira* and the immigration judge lacked jurisdiction to issue a removal order.

Because Mr. Palomar-Santiago's removal was based on errors rendering it fundamentally unfair, the government cannot use his prior deportation to prove the § 1326 offense charged in the Indictment. Therefore, Mr. Palomar-Santiago respectfully requests the Court dismiss the Indictment.

DATED October 19, 2018.

RENE L. VALLADARES
Federal Public Defender

By: */s/ Christopher Frey*
CHRISTOPHER P. FREY
Assistant Federal Public Defender
Counsel for Defendant Palomar-Santiago

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that he is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on October 19, 2018, he served an electronic copy of the above and foregoing Motion to Dismiss by electronic service (ECF) to the person named below:

DAYLE ELIESON
United States Attorney
JAMES E. KELLER
Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, NV 89501

            */s/ Christopher Frey*
            Employee of the Federal Public Defender