# Exhibit B

# Omniel Robaina Ortiz

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

United States of America,

  Plaintiff,

  v.                   Case No.: 3:18-CR-00071-RWG

Omniel Robaina Ortiz,

  Defendant.

## MEMORANDUM ORDER AND OPINION

  Arguing that the Immigration Judge that ordered him removed lacked jurisdiction to conduct his removal proceedings, Defendant moves to dismiss the Indictment charging him with illegal reentry under 8 U.S.C. § 1326(a). Defendant asserts that the Government cannot meet its burden as it cannot demonstrate a valid order of removal upon which his charge is predicated. Having reviewed all papers herein, the court **GRANTS** the motion.

## BACKGROUND

  Defendant, a Cuban national, entered the United States on or about January 9, 1996 and obtained relief under the Cuban Refugee Protection Act. Thereafter, he committed several crimes, which served as the basis for subsequent removal proceedings. On June 8, 1998, a notice to appear issued, alleging that Defendant was removable under 18 U.S.C. § 1182(a)(2)(B). Defendant's notice to appear ordered that he appear before an Immigration Judge at a time and place "To Be Calendared At A Later Date." After appearing at his removal proceedings via video conference on September 15, 1998, an Immigration Judge ordered Defendant removed from the United States. However, Cuba declined to issue travel documents and Defendant remained in the United States.

Nearly two decades later, on May 15, 2017, Defendant allegedly entered Canada and attempted to return to the United States on April 17, 2018. As a result, the United States brought this action against Defendant, charging him with illegal reentry pursuant to 8 U.S.C. § 1326(a). Indictment, ECF No. 11 (May 2, 2018).

Defendant now moves for dismissal, Mot. to Dismiss Indictment, ECF No. 40 (Oct. 2, 2018), primarily arguing that "[s]ince [he] was never legally ordered removed from the United States, he can't be charged with illegal reentry," Mem. in Support of Mot. to Dismiss Indictment 2, ECF 41 (Oct. 2, 2018). The Government responds: (1) that jurisdiction properly vested with the Immigration Judge such that there is indeed a valid order of removal on which to base the current criminal action and (2) Defendant has failed to satisfy the requirements to mount a collateral attack on his order of removal, *see* 8 U.S.C. § 1326(d). Resp. to Def.'s Mot. to Dismiss Indictment, ECF No. 51-1 (Oct. 23, 2018).

## DISCUSSION

Defendant's ostensible charging document lacked the elements required of a notice to appear—specifically, the time and place at which the removal proceedings would be held—and, thus, did not confer jurisdiction upon the Immigration Judge. As a result, the Immigration Judge did not have the authority to enter an order of removal and the Government cannot not now bring a charge of illegal reentry based on that removal order. Accordingly, the motion is granted and the Indictment is dismissed.

In order to convict under 8 U.S.C. § 1326(a), the Government must prove three elements: "that the defendant (1) is an alien, (2) was previously deported, and (3) has re-entered the United States without proper permission." *United States v. Rodriguez-Arreola*, 270 F.3d 611, 619 n.15 (8th Cir. 2001) (quoting *United States v. Gomez–Orozco*, 188 F.3d 422, 425 (7th Cir. 1999)).

Defendant disputes the second element, arguing that without a lawful order of removal, the Government cannot now prosecute its charge of illegal reentry.[1]  As such, Defendant moves for dismissal and the court will grant that motion if the Indictment fails to recite facts sufficient to prove the essential elements of the offense charged.  *See* Fed. R. Crim. P. 12(b)(3)(B)(v), 7(c)(1).

Title 8 U.S.C. § 1229a grants Immigration Judges the authority to "conduct proceedings for deciding the inadmissibility or deportability of an alien."  8 U.S.C. § 1229a(a)(1).  Such proceedings "shall be the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States."  8 U.S.C. § 1229a(a)(3).  Per the regulations governing the Immigration Court's rules of procedure, "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed . . . ."  8 C.F.R. § 1003.14(a).  A "charging document" is "the written instrument which initiates a proceeding before an Immigration Judge" and "include[s] a Notice to Appear . . . ."  8 C.F.R. § 1003.13.  In turn, 8 U.S.C. § 1229 proscribes the process by which removal proceedings are to be initiated.  That section, titled "initiation of removal proceedings," requires that written notice be provided to noncitizens subject to removal proceedings specifying, *inter alia*, "[t]he time and place at which the proceedings will be held."  8 U.S.C. § 1229(a)(1)(G)(i).  Section 1229(a) also allows for a "change or postponement in the time and place of [the] proceedings" so long as written notice is provided either in person or via the mail.  8 U.S.C. § 1229(a)(2)(A).

---

[1] Defendant also raises a separate challenge to his removal proceedings, claiming a violation of his due process rights due to a failure to provide him with a transcript of his hearing in front of the Immigration Judge.  However, because Defendant's motion is resolved based on his jurisdictional challenge, the court does not reach the merits of this second claim.

In a recent case that considered the sufficiency of a notice to appear to trigger the stop-time rule for the purposes of obtaining post-removal relief—cancellation of removal[2]—the Supreme Court opined on the requisites needed for a document to serve as a notice to appear under 8 U.S.C. § 1229(a). *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *Pereira* held that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." *Id.* at 2113–14. Accordingly, the Court found the notice to appear at issue to be insufficient due to its want for such time and place specifications.

District courts are split as to whether *Pereira's* holding similarly invalidates a notice to appear in this context.[3] While the Court in *Pereira* sought to answer the narrow question before it, the Supreme Court stated in no uncertain terms that a notice to appear "that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a).'" *Id.* at 2110. Defendant's purported notice to appear lacked a constituent part: "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). As such, it lacked an essential characteristic required of notices to appear—a literal notice of when and where to appear, *see Pereira*, 138 S. Ct. at 2116–17 ("Failing to specify integral information like the time and place of removal proceedings unquestionably would 'deprive [the notice to appear] of its essential character.'")—rendering the document deficient under section 1229(a).

---

[2] In order to establish eligibility for cancellation of removal, a noncitizen ordered removed must demonstrate physical presence "in the United States for a continuous period of not less than 10 years," 8 U.S.C. § 1229b(b)(1)(A), but that period "shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title," 8 U.S.C. § 1229b(d)(1).

[3] *Compare, e.g.*, *United States v. Virgen-Ponce*, 320 F. Supp. 3d 1164 (E.D. Wash. 2018), *and United States v. Cruz-Jimenez*, No. 17-cr-63, 2018 WL 5779491 (W.D. Tex. Nov. 2, 2018), *with United States v. Romero-Colindres*, No. 18-cr-415, 2018 WL 5084877 (N.D. Ohio Oct. 18, 2018), *and United States v. Larios-Ajualat*, No. 18-cr-10076, 2018 WL 5013522 (D. Kan. Oct. 15, 2018). Neither this circuit nor its district courts have addressed this issue after *Pereira*.

This is precisely what the Government alleges initiated proceedings against Defendant and conferred jurisdiction on the Immigration Judge: a notice to appear under section 1229(a). And the regulations make plain that a charging document is that which initiates proceedings. *See* 8 C.F.R. § 1003.13. Yet, the document served on Defendant did not meet the requirements of a notice to appear and therefore could not act as the "charging document" needed to confer jurisdiction on the Immigration Judge. Both here and elsewhere, it is the notice to appear that initiates removal proceedings. 8 C.F.R. § 1003.13; *see also Haider v. Gonzales,* 438 F.3d 902, 907 (8th Cir. 2006) (stating that "the [notice to appear] and the [notice of hearing] . . . combined to provide [] requisite notice" but it was the "[notice to appear] [that] *initiated* removal proceedings . . . ." (emphasis added)). There is nothing to suggest—and the Government has not argued—that an invalid notice to appear can serve as a charging document, thereby conferring jurisdiction on the Immigration Judge.

When there is no valid charging document, the Immigration Judge does not have jurisdiction to conduct removal proceedings. And "[w]hen the [Immigration Judge] lacks jurisdiction, his decisions are nullities." *Puc-Ruiz v. Holder*, 629 F.3d 771, 782 (8th Cir. 2010); *see also Shongunle v. Holder,* 336 F. App'x 322, 324–25 (4th Cir. 2009) (due to a failure to file a notice to appear, the Immigration Judge never had jurisdiction and so "could not order [petitioner] to do anything."). So, when an Immigration Judge enters an order of removal without a charging document granting jurisdiction, that order of removal is invalid. *See United States v. Yan Naing*, 820 F.3d 1006, 1009 (8th Cir. 2016) ("It is not usual for courts to call an order 'invalid' *unless* the entity that rendered it was without jurisdiction to do so . . . ." (emphasis added)). Just as an Immigration Judge's decision made after jurisdiction divested would be

invalid, *see Puc-Ruiz*, 629 F.3d at 782, so too is such a determination made before jurisdiction has vested.

One of the few cases in the Eighth Circuit to address the jurisdiction of an Immigration Judge, decided more than a decade before *Pereira*, does not foreclose the result reached here. While that case held that a deficient notice to appear "was sufficient to initiate removal proceedings . . . and thereby vest the Immigration Court with jurisdiction," *Haider*, 438 F.3d at 909–10, it does not control the instant motion. The Eighth Circuit there presumed the validity of the petitioner's notice to appear, and instead focused primarily on the idea that a noncitizen could not defeat jurisdiction by changing residences. *See id.* at 908. Therefore, *Pereira* goes a step beyond *Haider's* holding and now clarifies the requisite elements needed for a document to amount to a notice to appear.

The Government argues that *Pereira's* holding was limited to the context of the stop-time rule. However, *Pereira* held that "[a] putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a 'notice to appear under section 1229(a),' *and so* does not trigger the stop-time rule." 138 S. Ct. at 2113–14 (emphasis added). Put another way, the Supreme Court stated that a notice to appear is invalid without designating the time and place and it was on this basis that the stop-time rule was not triggered. Indeed, the Court did not limit its analysis to notices to appear entered pursuant to section 1229b(d)(1)(A)'s stop-time rule. Rather, *Pereira* focused on the structure of section 1229(a) as a whole and applied its analysis to all notices to appear "under section 1229(a)." *Id.* at 2114.

Last, section 1326 requires that any noncitizen collaterally attacking an order of removal in the course of a criminal proceeding demonstrate three elements: (1) exhaustion of administrative remedies, (2) deprivation of the opportunity for effective judicial review, and (3)

- 6 -

fundamental unfairness in the entry of the order. 8 U.S.C. § 1326(d). However, the Eighth Circuit has acknowledged that "an order could be collaterally attacked *if* the [body] acted beyond its jurisdiction." *United States v. Mendez-Morales*, 384 F.3d 927, 930 (8th Cir. 2004) (citing *Estep v. United States*, 327 U.S. 114, 122–23 (1946)). The exhaustion and judicial review requirements are directed at examining decisions that may not comport with due process, *see United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), and surely that standard requires an Immigration Judge's decision be anchored in an exercise of proper jurisdiction. Because Defendant's removal order was entered *ultra vires*, there was no legitimate order from which Defendant could perfect an appeal.[4] As a result, Defendant need not satisfy section 1326(d)'s strict requirements because the Immigration Judge lacked jurisdiction from the outset.

## CONCLUSION AND ORDER

Failure to comply with section 1229(a) makes Defendant's notice to appear defective and, therefore, deprived the Immigration Judge of the jurisdiction necessary to enter an order of removal. Thus, the Government cannot prove section 1326(a)'s requirement that it show Defendant's removal as an element of the offense. As such, the court **GRANTS** Defendant's motion and dismisses the Indictment without prejudice.

So ordered.

Dated this 6th day of November, 2018.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

---

[4] Inasmuch as Defendant must show prejudice, *see United States v. Rodriguez*, 420 F.3d 831, 834 (8th Cir. 2005), he has done so in that his invalid removal order would not have issued but for the *ultra vires* proceeding conducted by the Immigration Judge.

- 7 -